UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK YEDOR, ) | |
| ) | |
| PLAINTIFF, ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| KELLY SERVICES INC. ) | |
| D/B/A KELLY OCG PROFESSIONAL ) | |
| PAYROLL OUTSOURCING, ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT FOR UNPAID OVERTIME WAGES**

NOW COMES the Plaintiff, MARK YEDOR ("Plaintiff"), by and through his attorneys, Gainsberg Law, P.C., complaining of the Defendant KELLY SERVICES INC. d/b/a KELLY OGC PAYROLL OUTSOURCING ("Defendant"), and states as follows:

**NATURE OF CASE**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL") for the failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

3. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

4. At all relevant times, Plaintiff resided in Illinois and worked as a non-exempt employee for Defendant during the applicable statute of limitations period and primarily performed his work remotely for the Defendant within the State of Illinois.

5. At all times hereinafter mentioned, Defendant was an "employer" and/or "joint-employer" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d) and the IMWL, 820 ILCS 105/3(c).

6. Defendant is a foreign corporation located in the State of Delaware with a registered agent located at 208 South LaSalle Street, in the City of Chicago, County of Cook, State of Illinois.

## FACTS

7. Plaintiff incorporates Paragraphs 1 through 6 as if fully set forth herein.

8. Plaintiff was employed with Defendant with the title of "recruiter" from on or about March 26, 2012 thru July 20, 2018.

9. Beginning on January 4, 2016, Plaintiff was paid by the Defendant hourly at a rate of $75.00 an hour.

10. Plaintiff was required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiff to work more than 40 hours per week, and/or knew or should have known Plaintiff worked more than 40 hours per week.

11. On average, Plaintiff worked between 20-25 hours of overtime per week in 2017, aside from May - July 2017 where Plaintiff on average worked between 10-15 hours of overtime per week.

12. On average, Plaintiff worked between 20-25 hours of overtime per week in 2016, aside from August through September 2016 where Plaintiff worked on average between 15-18 hours of overtime per week and November-December 2016 where Plaintiff worked on average between 7.5-10 hours of overtime per week.

13. During aforesaid overtime hours worked, Plaintiff recruited and sourced for high end technical positions for the Defendant. These were mainly in the research, development & quality areas. These included but were not limited to: quality, and regulatory scientists, auditors; toxicology research fellows, packaging engineers, chemical/mechanical engineers; senior principal food scientists and engineers; lipid scientists; fruit scientists; sensory/consumer scientists; analytical chemists; polymer-material scientists; laboratory services coordinators; rheology chemists; toxicologists; nutrition scientists; regulatory/compliance managers; section managers; senior quality leads; quality systems leads; innovation managers; plant breeding scientists; senior product developers; flavor scientists; senior scientists in carbohydrates, starches, and hydrocolloids. Plaintiff's tasks included but were not limited to searching for candidates across all digital platforms, emailing, networking, telephone conferences, reviewing application materials, placing recruitment advertisements and screening candidates.

14. Plaintiff did not receive any compensation whatsoever for hours worked in excess of 40 per week in direct violation of the FLSA and the IMWL.

15. Throughout Plaintiff's employment, Defendant failed to maintain accurate records of time worked by Plaintiff.

16. Defendant's conduct was willful, including that they required, approved and/or suffered or permitted Plaintiff to perform non-exempt work.

17. Defendant, upon information and belief, failed to post or keep posted notices required by the FLSA.

## COUNT I
### Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act Against Defendant KELLY SERVICES INC. d/b/a KELLY OGC PAYROLL OUTSOURCING

18. Plaintiff incorporates paragraphs 1-17 as if fully set forth herein.

19. The Plaintiff regularly worked in excess of forty hours in a work week during the relevant period but was not compensated at the applicable overtime rate for those hours.

20. The Plaintiff does not fall under any exemption or exception to the FLSA's overtime pay requirements.

21. Under the FLSA, 29 U.S.C. 211(c), Defendant was required to maintain accurate records of hours worked by Plaintiff.

22. Under the FLSA, 29 U.S.C. 207(a)(1), Defendant was required to compensate Plaintiff for all hours worked and to pay a rate of time and a half his regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

23. At all relevant times herein, Defendant failed to maintain accurate records of the hours worked by Plaintiff.

24. Defendant's conduct was willful and intentional, in that Defendant regularly required, approved and/or suffered or permitted Plaintiff to work overtime hours for which he was not compensated at the statutory rates, or knew or should have known Plaintiff worked overtime hours for which he was not compensated at the statutory rates.

25. As a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation, Plaintiff has been damaged and not received wages due and owing, pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for the following:

a) Finding Defendant's conduct alleged herein to be willful and an award of back pay equal to the amount of all unpaid compensation at a rate of one and a half times Plaintiff's regular hourly rate for all hours works in excess of 40 hours per week for the three years prior to the filing of this Complaint;

b) In the alternative, if this Court does not find the Defendant's conduct to be willful, an award of back pay equal to the amount of all unpaid compensation at a rate of one and a half times Plaintiff's regular hourly rate for all hours works in excess of 40 hours per week for the two years prior to the filing of this Complaint;

c) An award of liquidated damages equal to the amount of all unpaid overtime compensation requested herein, or alternatively, prejudgment interest;

d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

e) For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) Such other relief as this Court deems necessary and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### Against Defendant KELLY SERVICES INC. d/b/a KELLY OGC PAYROLL OUTSOURCING

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS 105/8.

28. Defendant regularly under-reported the time worked by Plaintiff.

29. 820 ILCS 105/4(a) required Defendant to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

30. Defendant failed to compensate Plaintiff for all overtime hours which were worked but were not recorded in Defendant's time records.

31. Defendant was aware of, required, suffered and/or permitted Plaintiff to work unpaid overtime hours.

32. Defendant's conduct complained of herein was willful and intentional, in that Defendant required, approved and/or suffered or permitted Plaintiff to work hours for which he was not paid, and which were required to be paid, or knew or should have known Plaintiff worked hours for which he was not paid, and which were required to be paid.

33. Because of Defendant's willful violation of the IMWL, Plaintiff has been damaged in that he has not received wages due and owing pursuant to the IMWL.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for the following:

a) Finding Defendant's conduct alleged herein to be willful and an award of back pay equal to the amount of all unpaid compensation at a rate of one and a half times Plaintiff's regular hourly rate for all hours works in excess of 40 hours per week for the three years prior to the filing of this Complaint;

b) An award of 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS 105/12;

c) Attorneys' fees and costs of this action pursuant to 820 ILCS 105/12(a); and

d) Such other relief as this Court deems necessary and just.

JURY TRIAL DEMANDED.

                                      Respectfully submitted,

                                      GAINSBERG LAW, P.C.

                              By: __/s/ Neal Gainsberg
                                      Neal Gainsberg
                                      Plaintiff's Attorney

Neal Gainsberg
Gainsberg Law, P.C.
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(312) 600-9585
neal@gainsberglaw.com